UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN HUNTER,

       *Petitioner*,

  v.

UNITED STATES PAROLE
COMMISSION,

       *Respondent*.

Civil Action No. 24 - 2622 (LLA)

## MEMORANDUM OPINION AND ORDER

On September 9, 2024, Steven Hunter, proceeding pro se, filed a petition for a writ of habeas corpus against the U.S. Parole Commission. ECF No. 1. The court subsequently granted his request to proceed *in forma pauperis*. Oct. 18, 2024 Minute Order. Mr. Hunter is on parole in connection with a sentence first imposed in February 1996, and he challenges his June 2024 resentencing that ordered, in his view, an "unlawful term of parole." ECF No. 1, at 1-2.[1] Specifically, Mr. Hunter contends that he already has served his "entire sentence" in his case. *Id.* at 6.

Weeks before Mr. Hunter filed his petition, he initiated an earlier habeas action against the U.S. Parole Commission. Pet. for Writ of Habeas Corpus, *Hunter v. U.S. Parole Comm'n*, No. 24-CV-2436 (D.D.C. Aug. 16, 2024), ECF No. 1. Although his first petition contested his unlawful term of "supervised release" rather than parole, Mr. Hunter there made the same argument he does here—that he already has "served" the entire term of his sentence. *Id.* at 1-2.

---

[1] The citations to all CM/ECF filings in this order refer to the ECF-generated page numbers at the top of each page, rather than any internal pagination.

Mr. Hunter also has filed two other related actions.  One is a habeas petition against the Warden of the D.C. Jail.  *See* Pet. for Writ of Habeas Corpus, *Hunter v. Warden*, No. 24-CV-2121 (D.D.C. Dec. 16, 2024), ECF No. 1.  In that petition, Mr. Hunter expands on the allegations he makes here.  He claims that under D.C. Code § 24-403.01a, he is entitled to retroactively receive four years of good time credit, which would reduce the length of his sentence such that he already has served the entire term.  *Id.* at 2.[2]  The other habeas petition—this one against the Federal Bureau of Prisons ("BOP")—contests the "validity" of his placement on parole due to "BOP['s] failure to retroactively award [him] good time credit."  Pet. for Writ of Habeas Corpus at 2, *Hunter v. Fed. Bureau of Prisons*, No. 25-CV-1176 (D.D.C. Apr. 11, 2025), ECF No. 1.

On September 22, 2025, the undersigned issued a memorandum opinion and order in Mr. Hunter's original habeas case against the U.S. Parole Commission, granting the Commission's motion to dismiss and dismissing the petition with prejudice.  Mem. Op., *Hunter*, No. 24-CV-2436 (D.D.C. Sep. 22, 2025), ECF No. 14; Order, *Hunter*, No. 24-CV-2436 (D.D.C. Sep. 22, 2025), ECF No. 15.  The court concluded that Mr. Hunter is lawfully serving a term of parole pursuant to his original sentence, which was reimposed in June 2024.  Mem. Op. at 4-5, 8-10, *Hunter*, No. 24-CV-2436 (D.D.C. Sep. 22, 2025), ECF No. 14.  Although Mr. Hunter correctly identified a District law making retroactive good time credit available for defendants who, like him, were sentenced for felonies committed between June 22, 1994 and August 4, 2000, D.C. Code § 24-403.01a(a)(1), the "good time credit [he seeks] may reduce the maximum amount of time someone serves a sentence *in prison*, but it has no effect on how long that person will remain under

---

[2] Mr. Hunter also filed a mandamus petition, requesting the court order the Warden to command the Bureau of Prisons to show why Mr. Hunter has not completed his sentence.  Pet. for Writ of Mandamus, *Hunter v. Warden*, No. 24-CV-2121 (D.D.C. Dec. 16, 2024), ECF No. 3.

2

supervision once released on parole," Mem. Op. at 10, *Hunter*, No. 24-CV-2436 (D.D.C. Sep. 22, 2025), ECF No. 14. Accordingly, Mr. Hunter remains under the U.S. Parole Commission's supervision until he completes his sentence in December 2027. *Id.* at 9.

Mr. Hunter's petition in this case "raises the same challenge to his sentence and involves the same respondent" as his first habeas petition. *Id.* at 10 n.7. Construing the petition liberally and considering all of Mr. Hunter's filings, as the court must for a litigant proceeding pro se and *in forma pauperis*, *Morgan v. U.S. Parole Comm'n*, 304 F. Supp. 3d 240, 247 (D.D.C. 2016); *Groce v. Rodriguez*, 743 F. Supp. 3d 244, 248 (D.D.C. 2024), the court concludes that Mr. Hunter's petition fails to state a claim for the same reasons his first petition did, *see* Mem. Op. at 8-10, *Hunter*, No. 24-CV-2436 (D.D.C. Sep. 22, 2025), ECF No. 14. What is more, "[p]laintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendants.'" *Sturdza v. United Arab Emirates*, No. 09-CV-0699, 2009 WL 1033269, at *1 (D.D.C. Apr. 16, 2009) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)). Accordingly, and as the court noted in its memorandum opinion dismissing Mr. Hunter's first-filed action, the court will *sua sponte* dismiss this petition as duplicative and for failure to state a claim. Mem. Op. at 10 n.7, *Hunter*, No. 24-CV-2436 (D.D.C. Sep. 22, 2025), ECF No. 14; *see Bowe-Connor v. McDonald*, No. 15-CV-269, 2015 WL 807537, at *1 (D.D.C. Feb. 25, 2015) (dismissing identical complaint filed six days after the original was docketed); 28 U.S.C. § 1915(e)(2)(ii) (directing courts to dismiss any case brought by a litigant proceeding *in forma pauperis* that "fails to state a claim on which relief may be granted").

For the foregoing reasons, it is hereby **ORDERED** that Mr. Hunter's Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED** with prejudice. This Order constitutes a final

judgment of the court within the meaning of Rule 58(a) of the Federal Rules of Civil Procedure. The Clerk of Court is directed to terminate the case.

    **SO ORDERED.**

                                                                                                                                            LOREN L. ALIKHAN
                                                                   United States District Judge

Date:   September 25, 2025